UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JESSE KWASNIEWSKI, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:17-cv-00231-JAW |
| | ) | |
| PENOBSCOT COUNTY JAIL, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION FOR DISMISSAL**

On June 19, 2017, Plaintiff filed a complaint and an application to proceed *in forma pauperis*. (ECF Nos. 1, 3.) Because Plaintiff had not provided the required financial information for the Court to rule on Plaintiff's application to proceed *in forma pauperis*, on June 22, 2017, the Court ordered Plaintiff to pay the filing fee or provide an amended application on or before July 5, 2017. (ECF No. 4.) Through the order, the Court informed Plaintiff that the failure to comply with the order could result in the dismissal of the matter.

Because Plaintiff failed to comply with the order, on July 17, 2017, the Court issued an order to show cause. (ECF No. 5.) In the show cause order, the Court established July 31, 2017, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he pay the filing fee or submit an amended application to proceed *in forma pauperis* on or before July 5, 2017. The Court again advised Plaintiff that if he failed to show cause, his complaint could be dismissed. Plaintiff did not respond to the show cause order, and has not otherwise communicated with the Court. As explained below, based on Plaintiff's failure to comply with the Court's orders and otherwise

to prosecute his case, I recommend the Court dismiss the matter without prejudice.

## Discussion

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has failed to comply (a) with the Court's order that required Plaintiff to either pay the filing fee or submit an amended application to proceed *in forma pauperis,* and (b) with the Court's order to show cause (ECF No. 5). Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has neither paid the filing fee nor submitted an amended application to proceed *in forma pauperis*, Plaintiff has also failed to prosecute his claim.

Given Plaintiff's failure to comply with the Court's orders, his failure otherwise to prosecute the action, and his lack of communication with the Court following the filing of the complaint and application to proceed *in forma pauperis* on June 19, 2017, dismissal is warranted. Because the complaint has not been served on Defendant, dismissal without prejudice is appropriate.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint

without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of August, 2017.